# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3866 | **DATE** | 3/25/2004 |
| **CASE TITLE** | O'Chaney vs. Shapiro & Kreisman, LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Order. Defendant's motion to dismiss [18-1] is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | MAR 29 2004 date docketed | |
| X | Docketing to mail notices. | | | | 33 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| RJ/TL | courtroom deputy's initials | | | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Gul O'CHANEY and Archana O'CHANEY, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> SHAPIRO & KREISMAN, LLC, ) <br> ) <br> Defendant. ) | Judge Joan B. Gottshcall <br><br> Case No. 02-C-3866 |

DOCKETED
MAR 2 9 2004

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Gul O'Chaney and Archana O'Chaney (the "O'Chaneys"), have sued defendant, Shapiro & Kreisman, LLC ("S&K"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.* in connection with S&K's notice to foreclose on the O'Chaneys' mortgage. The lawsuit alleges that S&K did not provide proper notice to the O'Chaneys that they could dispute their outstanding mortgage debt only in writing rather than over the telephone. S&K has moved to dismiss the O'Chaneys' amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated below, S&K's motion to dismiss is granted in part and denied in part.

## BACKGROUND

The O'Chaneys are consumer-debtors whose mortgage is held by Federal National Mortgage Association ("FNMA"). When the O'Chaneys' mortgage became past-due, FNMA retained S&K, a law firm that regularly represents clients in collecting past-due accounts, to collect the allegedly delinquent amount. On June 22, 2001, S&K sent a letter to the O'Chaneys (1) stating that S&K had been hired to bring a lawsuit to foreclose on their property, (2) informing them of the alleged amount unpaid, (3) notifying them of their statutory right to request verification of the alleged debt, and (4)

-1-

offering a phone number to call "for further information." The letter stated, in relevant part:

> 3. The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter. If you do not dispute the debt within this period, it will be assumed to be valid. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the creditor, our client FEDERAL NATIONAL MORTGAGE ASSOCIATION. If you choose to dispute the debt, or any portion thereof, or if you choose to request the name of the original creditor, you must notify us in writing thirty (30) days of the date your [sic] receive this letter.
>
> 4. If you notify us in writing within (30) days of the date of this letter that you are disputing the debt or any portion thereof, or if you notify us in writing within thirty (30) days of the date you receive this letter that you want to know the name of the original creditor if that creditor is different from our client, FEDERAL NATIONAL MORTGAGE ASSOCIATION, then we will obtain and mail to you verification of the debt and/or the name and address of the original creditor.
>
> 5. The Fair Debt Collection Practices Act does not require that we wait thirty (30) days to from the date you receive this letter to before filing a lawsuit to foreclosure [sic] on your mortgage. In the event we do file a lawsuit to foreclosure [sic] on your mortgage, within thirty (30) days from the date you receive this letter you will still retain the right to dispute the debt, or any portion thereof and you also retain the right to request the name of the original creditor, if the original creditor is different for the current creditor, our client FEDERAL NATIONAL MORTGAGE ASSOCIATION.
>
> 6. If you request proof of the debt or any portion thereof or if you request the name of original creditor within thirty (30) days from the date you receive this letter, the Fair Debt Collection Practices Act requires us to suspend our efforts to foreclose the mortgage on your property, even if we have already filed the lawsuit until we mail you the information validating the debt and/or until we provide you with the name of the original creditor.
>
> Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, call (847) 498-9990.
>
> Any written request should be addressed to:
>     Fair Debt Clerk
>     SHAPIRO & KREISMAN
>     4201 Lake Cook Road - 1st floor
>     Northbrook, IL 60062

(Pl. Resp. Ex. B).[1]

The O'Chaneys allege that, upon receipt of the letter, they telephoned S&K to dispute the validity of a portion of the debt relating to attorney's fees and costs and requested an itemized copy of all charges prior to paying the alleged debt. On July 10, 2001, S&K filed a complaint in Illinois Circuit Court on behalf of FNMA to foreclose on plaintiffs' mortgage. Rosemary Kopriva, an S&K attorney, signed and attached a sworn "verification" to the mortgage foreclosure complaint. The verification stated in part that "(s)he has read the above and foregoing complaint and has knowledge of the facts stated therein, and that the matters set out therein are true to the best of affiant's knowledge, information, and belief." (Pl. Resp. Ex. C.)

On July 27, 2001, more than thirty days after receiving the collection letter from S&K, the O'Chaneys' counsel sent a letter to S&K "memorializing" the O'Chaneys' previous phone call disputing the debt. After receiving no response to their first letter, the O'Chaneys sent two additional letters to S&K which stated that the balance of the debt was still in dispute.

On May 30, 2002, the O'Chaneys filed suit against S&K under Section 1962 of the FDCPA. Count I of their amended complaint alleges that S&K's attorney-verified foreclosure complaint contained false and misleading representations in violation of 15 U.S.C. § 1692e because it falsely purports to be based on the attorney's "personal knowledge." Count II essentially comprises two statutory claims: (1) that S&K's collection letter and subsequent collection activities violated Section

---

[1] Generally if, in conjunction with a motion to dismiss, materials outside the pleadings are submitted, the motion must be converted to a Rule 56 motion for summary judgment. Fed. R. Civ. P. 12(b)(6); *Tacket v. General Motors Corp.*, 93 F.3d 332, 334 (7th Cir. 1996). However, the documents attached to S&K's Rule 12(b)(6) motion are explicitly referred to in the O'Chaneys' complaint and are central to the their claim. It is, therefore, unnecessary to convert S&K's motion into one for summary judgment. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir 1994); *Venture Assocs. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

1692g because the letter's invitation to call for "further information" was confusing and overshadowed the requirement that disputes be submitted in writing, and (2) S&K's collection letter was an "unfair or unconscionable" method of debt collection, violating Section 1692f.

## ANALYSIS

S&K argues that both counts of the O'Chaneys' amended complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the lawsuit. *Triad Assocs. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir.1990). The federal notice pleading standard requires only that a complaint give a "short and plain statement showing that the plaintiff is entitled to relief, the purpose of which is to give the defendant notice of the claims [brought against it] and the grounds they rest upon." *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993)). For purposes of reviewing this motion, the court must take the plaintiffs' well-pleaded allegations as true and all inferences must be construed in their favor. *Thompson*, 300 F.3d at 753.

*Count I:     S&K's Foreclosure Complaint*

The FDCPA prohibits debt collectors from using false or misleading representations when attempting to collect on a given debt. 15 U.S.C.§ 1692e. The O'Chaneys allege in Count I that S&K violated this section by attaching an attorney verification to its foreclosure complaint that falsely stated that the complaint was based on the attorney's "personal knowledge."

Indeed, courts have found that an attorney verification violates Section 1692e if it falsely states that it is based on the attorney's "personal knowledge." *Young v. Myer & Njus*, No. 96-C-4809, 1997 WL 452685, at *1 (N.D. Ill. Aug. 6, 1997). In this case, however, the verification signed

by Ms. Kopriva does not state that it is based on "personal knowledge." Rather, it states that she believes the information to be true to the best of her "knowledge, information, and belief." As noted by defendant, the Illinois Code of Civil Procedure allows verification of matters stated "upon information and belief."[2] *See Cohen v. Smith*, 269 Ill.App.3d 1087, 1097 (5th Dist.1995) ("Section 2-605 of the Illinois Civil Practice Law provides that even verified pleadings may be stated positively or upon information and belief."). A plaintiff's claim that an attorney verification violates Section 1692e because the complaint was not based on "personal knowledge" fails as a matter of law if – as here – the attorney states that the complaint is based on "information and belief." *See Bradley v. Fairbanks Capital Corp.*, No. 02-C-7786, 2003 WL 21011801, at *2-3 (N.D. Ill. May 5, 2003). Accordingly, defendant's motion to dismiss Count I is granted.

## *Count II: S&K's Collection Letter*

### A. The O'Chaneys' Claim That S&K's Letter Was Confusing.

The O'Chaneys claim in Count II that S&K's collection notice violated Sections 1692g and 1692f of the FDCPA. Their first claim in Count II is that S&K violated Section 1692g(a) because its collection notice was confusing as to whether debt disputes could be made over the telephone. Pursuant to Section 1692g(a), debt collectors must provide consumer-debtors with a written notice that, *inter alia*, includes:

> ... a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

---

[2] Plaintiffs' argument that defendant failed to adhere to common Illinois pleading practice by failing to plead <u>each paragraph</u> based on "information and belief" is of no moment. Even if S&K's pleading failed to conform to generally accepted practice in Illinois, there is no authority for the O'Chaneys' argument that such a deviation constitutes a violation of the FDCPA.

-5-

*Id.* at §1692g(a).

"[D]ebt collectors 'may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude.'" *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000) (quoting *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir 1997)). Specifically, a collector may not issue a collection notice that causes confusion by using language that "overshadows" the provisions required by statute. In evaluating whether a collection notice is confusing, the Seventh Circuit views the letter as seen "through the eyes of an unsophisticated consumer." *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483-84 (7th Cir. 1997). The Seventh Circuit describes this hypothetical consumer as "uninformed, naive or trusting," *Gammon v. GC Services Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994), and "close to the bottom of the sophistication meter." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996). "[T]he unsophisticated consumer is to be protected against confusion, whatever form it takes." *Bartlett*, 128 F.3d at 500.

In the Seventh Circuit, the pleading standard for a FDCPA claim of this nature is very low. "A FDCPA complaint states a legal claim, and therefore ... survives a motion to dismiss under Rule 12(b)(6), simply by alleging that a [collection] letter was confusing." *Marshall-Mosby*, 205 F.3d at 326 (citing *Walker v. National Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999)). "A contention that a debt-collection notice is confusing is a recognized legal claim; no more is needed to survive a motion under Rule 12(b)(6)." *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1059 (7th Cir. 1999). The standard is set low because courts are poor proxies for the unsophisticated consumer on the issue whether a legal notice is confusing. *Walker*, 200 F.3d at 503. The Seventh Circuit has, therefore, admonished that courts should not rule as a matter of law on that issue without allowing

evidence to be presented showing confusion as a matter of fact. *Id.*

The O'Chaneys claim that S&K's placement of the sentence, "[f]or further information, call (847) 498-9990" at the end of the collection letter overshadowed the debt collector's responsibility to inform them that a debt must be disputed in writing. The O'Chaneys allege that the letter is confusing because consumers are given the false impression that it is sufficient to call to dispute the debt. While this court may not consider that language confusing, plaintiffs have stated a legally cognizable claim. Nothing more is required under Rule 12(b)(6). *Johnson*, 169 F.3d at 1059.

S&K argues that it is nevertheless immune from the O'Chaneys' claims of confusion because its "for further information" language conforms to "safe harbor" language drafted by the Seventh Circuit in *Miller v. McCalla*, 214 F.3d 872, 876 (7th Cir. 2000) and *Bartlett*, 128 F.3d at 501-02. That argument is unavailing. First, although the disputed language in S&K's collection letter tracks the "safe harbor" language in *Miller*, S&K cannot claim "safe harbor" based on that case. The *Miller* court expressly limited the reach of its "safe harbor" language to claims brought under a different section of the FDCPA. *Miller*, 214 F.3d at 876.

Second, the language of S&K's letter does not track the "safe harbor" language in *Bartlett*. S&K's letter is worded differently and alters the sequence of *Bartlett's* "safe harbor" provisions. The *Bartlett* court cautioned that "[w]e cannot require debt collectors to use 'our' form. But of course if they depart from it, they do so at their own risk." *Id.* at 502. Because S&K departed from the "safe harbor" language in *Bartlett*, S&K is not immunized from the O'Chaneys' claim that the letter was confusing.

If the O'Chaneys are unable to muster additional evidence that the collection letter is confusing – *i.e.* evidence of the letter's effect on unsophisticated readers – then their claim will not survive summary judgment. Fed.R.Civ.P. 56. As the Seventh Circuit held in *Johnson*, "If all the

plaintiffs have to go on is the language of these letters, they must lose in the end." 169 F.3d at 1060. However, a complaint that presents a claim turning on factual issues and inferences, as this one does, may not be disposed of under Rule 12(b)(6). *Walker v. National Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir.1999). S&K's motion to dismiss the O'Chaneys' claim under Section 1692g is, therefore, denied.[3]

### B. Unfair and Unconscionable Methods of Debt Collection under 1692f.

The O'Chaneys' final claim in Count II is that S&K's collection letter, and collection efforts based on that letter, violated Section 1692f which prohibits "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. However, while the Seventh Circuit's liberal pleading standard regarding claims of "confusion" may allow the O'Chaneys' to pursue their claim under Section 1692g, S&K's collection letter, as a matter of law, does not constitute an "unfair or unconscionable" debt collection practice. The language in S&K's letter contains the requisite notice required by 1692g(a), almost to the word, and the additional language that the O'Chaneys object to conforms to "safe harbor" language the Seventh Circuit adopted in *Miller*. It is conceivable that the O'Chaneys could prove that the *Miller* language is confusing in this context. However, while the *Miller* language may not immunize S&K from liability under Section 1692g, a collection letter that includes the statutory notice required by Section 1692g(a) and tracks the "safe harbor" language provided by the Seventh Circuit cannot be construed as an unfair or unconscionable method of debt collection. *See, e.g., Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 998 (7th Cir. 2003).

---

[3] The court will not, at this time, separately address plaintiffs' claim that S&K's subsequent collection activities violated Section 1692g. The court notes, however, that plaintiffs' claim under Section 1692g is completely dependent on their allegation that the collection notice was confusing. If the O'Chaneys ultimately prove that S&K's notice violated the FDCPA – and S&K has no applicable defense – S&K will be liable for a violation of Section 1692g as provided by statute. If plaintiffs are unable to prove that the notice was confusing, their claim under Section 1692g will fail.

Defendant's motion to dismiss the O'Chaneys' claim under Section 1692f is granted.

## CONCLUSION

Defendant's motion to dismiss is granted in part and denied in part. Count I and plaintiffs' claim in Count II under Section1692f are hereby dismissed with prejudice.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: March 25, 2004